UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MOHAN A. HARIHAR,<br><br>Plaintiff,<br><br>v.<br><br>MASSACHUSETTS ASSOCIATION OF REALTORS, et al.,<br><br>Defendants. | * * * * * * * * * * | Civil Action 26-cv-11666-IT |

**MEMORANDUM AND ORDER**

August 21, 2026

TALWANI, D.J.

Plaintiff Mohan Harihar ("Plaintiff"), proceeding *pro se*, has filed a Complaint [Doc. No. 1], Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 6], and Motion to Expedite Ruling on Pending Motions and Issuance of Summons [Doc. No. 7].[1] Plaintiff brings this action against the Massachusetts Association of Realtors and the Northeast Association of Realtors ("Defendants"), concerning their hiring and supervision of real estate instructor Isabelle Perkins ("Perkins"). For the reasons set forth below, the court will GRANT the motion for leave to proceed *in forma pauperis*, direct Plaintiff to show cause why this action should not be dismissed, and DENY as moot the motion to expedite.

[1] Plaintiff also filed a Motion for Leave to File Electronically [Doc. No. 2], which the court will grant by separate electronic order.

## I. Motion for Leave to Proceed *in Forma Pauperis*

Upon review of the Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 6], the court concludes that Plaintiff has adequately demonstrated he is without income or assets to pay the filing fee. Accordingly, the motion is GRANTED.

## II. Review of the Complaint

Because Plaintiff is proceeding *in forma pauperis*, the court may conduct a preliminary review of his complaint and dismiss the pleading if it fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). To show that a plaintiff is entitled to relief, the complaint must "contain sufficient factual matter, accepted as true[,]" to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 540, 555 (2007)). Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Id. (quoting Twombly, 550 U.S. at 557). Further, the well-pleaded allegations must "sustain recovery under some actionable legal theory." N.R. by & through S.R. v. Raytheon Co., 24 F.4th 740, 746 (1st Cir. 2022) (quoting Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008)).

In addition, the court has a duty to *sua sponte* consider its jurisdiction. See United States v. Univ. of Mass., Worcester, 812 F.3d 35, 44 (1st Cir. 2016) ("Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a

*sua sponte* duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects.").

In conducting this review, the court construes Plaintiff's pleading liberally because he is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**A. Plaintiff's Complaint**

Plaintiff states that this action "arises from Defendants' grossly negligent hiring, retention, and supervision of real-estate instruction, whom Defendants knowingly permitted **t**o teach ethics and risk management courses despite longstanding, well-documented allegations of fraud, misconduct, and participation in [the] unlawful purchase of Plaintiff's homestead property in Lowell, Massachusetts." Compl. ¶ 1 [Doc. No. 1] (emphasis omitted). According to Plaintiff, in October 2014, Isabelle and Jeffrey Perkins "unlawfully purchased Plaintiff's home" at a foreclosure sale "and continue to reside there." Id. ¶¶ 22, 26, 27. Plaintiff claims that, "Wells Fargo contracted Ken and Mary Daher to list and sell the property," and that, prior to the listing of the property, he warned the Dahers and the Perkinses in writing that the foreclosure was illegal and the subject of ongoing litigation. Id. ¶¶ 23, 24. Plaintiff alleges that "[t]he Dahers ignored these disclosures and unlawfully listed the property," and that the Perkinses "ignored the same disclosures and colluded with the Dahers to purchase the property." Id. ¶¶ 25, 26.

Plaintiff represents that, "more than ten years ago," he filed ethics complaints against Isabelle Perkins and the Dahers, "detailing their involvement in the illegal foreclosure and unlawful sale of Plaintiff's home." Id. ¶ 17. According to Plaintiff, "Defendants placed the complaints in abeyance for over a decade, despite overwhelming evidence of misconduct." Id. ¶ 9. Plaintiff maintains that "Defendants therefore had constructive and actual knowledge of the

Instructor's unfitness," but "nonetheless continued to hire, retain, and promote [Isabelle] Perkins as an expert in ethics and risk management." Id. ¶¶ 20, 21.

Plaintiff claims that Defendants' negligence in hiring, supervising, and retaining Isabelle Perkins was a "substantial factor" in causing him harm because:

- Their endorsement of Perkins as an ethics instructor directly bolstered her credibility in litigation[;]
- Courts and opposing parties have relied on her "professional standing" to undermine Plaintiff's fraud claims[;]
- Defendants' inaction allowed the Perkinses to continue benefiting from the illegal purchase[;]
- The decade-long delay caused by Defendants' abeyance of the ethics complaints destroyed evidence, complicated litigation, and increased damages exponentially[; and]
- Defendants' conduct materially distorted the evidentiary landscape in Plaintiff's ongoing and state and federal cases[.]

Id. ¶ 28.

Plaintiff brings four claims of negligence. In Count I, a claim for negligent hiring, Plaintiff alleges that Defendants breached their "duty under Massachusetts common law to exercise reasonable care in hiring instructors entrusted with public facing educational authority." Id. ¶ 42. Plaintiff claims that "[t]he breach foreseeably caused harm by placing Plaintiff in contact with an individual unfit for the role, whose misconduct directly contributed to Plaintiff's litigation injuries, evidentiary distortion, and reputational prejudice." Id.¶ 46. In Count II, Plaintiff brings a claim for negligent retention, claiming that Defendants' "failure to investigate, discipline, or remove the instructor allowed her misconduct to continue, directly contributing to Plaintiff's ongoing litigation injuries and financial harm." Id. ¶ 52. Count III is a claim for negligent supervision, in which Plaintiff alleges that Defendants' "failure to investigate, discipline, or remove the instructor allowed her misconduct to continue, directly contributing to Plaintiff's ongoing litigation injuries and financial harm." Id. ¶ 52. In Count IV, Plaintiff brings a

claim for negligent misrepresentation, asserting that Defendants' "false or misleading representations . . . about the instructor's qualifications, ethical standing, and fitness to teach" "induced reliance by Plaintiff and the public," which "materially contributed to litigation harm, evidentiary confusion, and reputational injury." Id.

Count V is a claim under 42 U.S.C. § 1983 ("§ 1983") for alleged interference with Plaintiff's right of access to the courts. Id. ¶¶ 65-74. Plaintiff asserts that relief is available under § 1983 "where a defendant's conduct—whether through joint action with state actors or through foreseeable interference—obstructs a litigant's ability to obtain meaningful judicial relief." Id. ¶ 66. Plaintiff claims that Defendants' "negligent endorsement of the instructor materially interfered with Plaintiff's access to the courts by "[a]rtificially enhancing the instructor's credibility in judicial proceedings," "[c]reating evidentiary obstacles that impeded Plaintiff's ability to prove fraud," "[c]ausing judicial confusion due to false profession legitimacy," and "[p]rolonging litigation and increasing Plaintiff's financial and legal burdens." Id. ¶¶ 67-71.

The complaint also includes a "Placeholder Count" for a civil RICO claim. Id. ¶¶ 76, 77. Plaintiff refers therein to a "forthcoming RICO factual section, which details predicate acts, enterprise structure, continuity, pattern, and injury to business or property," and he states that he "reserves the right" to amend the complaint "once discovery clarifies the scope of the enterprise, the involvement of additional actors, and the full extent of damages." Id.

**B. Discussion**

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." Badgerow v. Walters, 596 U.S. 1, 7 (2022). Congress has granted federal district courts jurisdiction over two main kinds of cases: those between "citizens" of "diverse" (or different) states and more than $75,000 is at stake (referred to as

diversity subject matter jurisdiction), 28 U.S.C. § 1332 ("§ 1332"), and those "arising under the Constitution, law, or treaties of the United States, 28 U.S.C. § 1331 ("§ 1331") (referred to as federal question jurisdiction).

"[T]he party advocating jurisdiction must make clear the grounds on which the court may exercise jurisdiction: 'it is black-letter law that jurisdiction must be apparent from the face of the plaintiffs' pleading.'" Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (quoting PCS 2000 LP v. Romulus Telecomms., Inc., 148 F.3d 32, 35 (1st Cir.1998)); see also Fed. R. Civ. Proc. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction"). "If the court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff invokes both § 1331 and § 1332 as a basis for jurisdiction. Compl. ¶¶ 9-10 [Doc. No. 1]. But, as set forth below, Plaintiff does not allege facts showing that diversity subject matter jurisdiction exists, and his claim under federal law fails to state a claim upon which relief may be granted.

**1. Diversity Subject Matter Jurisdiction**

Where a party seeks to invoke the jurisdiction of a federal district court under § 1332, the parties must be of "complete diversity," or, in other words, citizens of different states. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Complete diversity does not exist where any defendant is a citizen of the same state as the plaintiff. See id.; see also De La Rosa v. De La Rosa, 118 F.4th 393, 398 (1st Cir. 2024) (stating that "[a]t the time that the lawsuit is filed in diversity, 'no plaintiff may be a citizen of the same state as any defendant'" (quoting BRT Mgmt. LLC v. Malden Storage LLC, 68 F.4th 691, 695 (1st Cir. 2023))).

"For purposes of diversity, a person is a citizen of the state in which he is domiciled." Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008). "A person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Id. (quoting Rodríguez-Díaz v. Sierra-Martínez, 853 F.2d 1027, 1029 (1st Cir. 1988) (internal quotation marks omitted)). A corporation is a citizen of every state "in which it has been incorporated" or "has its principal place of business." See 28 U.S.C. § 1332(c)(1).

Here, Plaintiff invokes the court's jurisdiction under § 1332, see Compl. ¶ 9 [Doc. No. 1], without identifying the parties' citizenship. While the court presumes that Plaintiff is a citizen of Massachusetts, see id. ¶ 12 (alleging that he is a Massachusetts resident), Plaintiff has made no claim and provided no information to suggest that the Defendants are of diverse citizenship. To the contrary, his allegations, at least as to Defendant Massachusetts Association of Realtors, a "statewide professional association[,]" see id. ¶ 13, suggest otherwise. Accordingly, jurisdiction based on diversity of citizenship is not apparent from the face of the Complaint [Doc. No. 1].

**2. Claim Arising Under Federal Law**

"A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). Here, Plaintiff brings a count under § 1983, a federal law, but his allegations to not amount to a colorable claim.

"To make out a section 1983 claim, a plaintiff must allege facts sufficient to show that the defendants acted under color of state law and caused the deprivation of federal rights." Cruz-Arce v. Mgmt. Admin. Servs. Corp., 19 F.4th 538, 543 (1st Cir. 2021). Section 1983's "under color of law" requirement may also be referred to as "state action." Id. "In the mine-run of cases,

state action will derive from the conduct of government actors, that is, government officials or employees." Id. "Even so, when the conduct of a private party can be 'fairly attributable to the State,' that conduct may constitute state action and, as such, engage the gears of section 1983." Id. (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). The First Circuit has "noted three general ways in which a private party may become a state actor" for purposes of § 1983: (1) if the private party "assumes a public function which, by tradition, is exclusively reserved to the state," (2) if the private party's "conduct is coerced or significantly encouraged by the state," or (3) if the private party "and the state have entered into so symbiotic a relationship that they have become joint participants in the challenged conduct." Id. at 544.

Here, Defendants' alleged "negligent endorsement of the instructor," Compl. ¶ 67 [Doc. No. 1] is not actionable under § 1983 because Plaintiff has not plausibly pled that Defendants' alleged conduct constituted joint action with the state or was otherwise "fairly attributable" to the state.[2]

Further, Plaintiff's inclusion of a "Placeholder Count" for a civil RICO claim, id. ¶¶ 76, 77 is insufficient to allow the court to exercise federal question subject matter jurisdiction under § 1331.

## III. Conclusion

In accordance with the foregoing, the court hereby orders:

1. The Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 6] is GRANTED.

---

[2] Although cited by Plaintiff, neither Christopher v. Harbury, 536 U.S. 403 (2002), nor Ryland v. Shapiro, 708 F.2d 967 (5th Cir. 1983), stand for the proposition that a person who is not acting under color of law may be held liable for denial of access to the courts if their conduct results in "foreseeable interference" with a "litigant's ability to obtain meaningful judicial relief." [Doc. No. 1 ¶ 66]. The defendants in these actions were all government officials at the time of their alleged misconduct. See Harbury, 536 U.S. at 407-08; Ryland, 708 F.2d at 969.

2. The Motion to Expedite Ruling on Pending Motions and Issuance of Summons [Doc. No. 7] is DENIED as moot.

3. If Plaintiff wishes to proceed with this action, he must, within twenty-eight (28) days, file an amended complaint in which he states a claim for relief over which the court may exercise jurisdiction under § 1331 or §1332. Failure to do so will result in dismissal of this action.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

Dated: August 21, 2026