UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MOHAN A. HARIHAR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action 26-cv-11666-IT |
| | * | |
| MASSACHUSETTS ASSOCIATION OF REALTORS, et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

October 13, 2026

TALWANI, D.J.

Plaintiff Mohan Harihar ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, has filed an Amended Complaint [Doc. No. 19] in response to the court's August 21, 2026 Memorandum and Order [Doc. No. 14] requiring him to do so if he wished to proceed with this action. For the reasons set forth below, the court will DISMISS this action.

## I. Background

Plaintiff's original Complaint [Doc. No. 1] asserted claims under federal and state law against the Massachusetts Association of Realtors and the Northeast Association of Realtors ("Defendants") concerning their hiring and supervision of real estate instructor Isabelle Perkins ("Perkins"). According to Plaintiff, Perkins and her husband bought Plaintiff's home at an illegal foreclosure sale in October 2014. Id. ¶¶ 22-27. Plaintiff represented that, "more than ten years ago," he had filed ethics complaints against Perkins and others, "detailing their involvement in the illegal foreclosure and unlawful sale of Plaintiff's home." Id. ¶ 17. According to Plaintiff, "Defendants placed the complaints in abeyance for over a decade, despite overwhelming

evidence of misconduct." Id. ¶ 19. Plaintiff further alleged that "[t]he decade-long delay caused by Defendants' abeyance of the ethics complaints destroyed evidence, complicated litigation, and increased damages exponentially." Id. ¶ 28. Plaintiff claimed that "[b]ut for Defendants negligence and failure to act, [Perkins] would not have been able to continue defrauding the public or obstructing Plaintiff's access to justice." Id. ¶ 29. Plaintiff asserted claims under state law for negligent hiring, negligent retention, negligent supervision, negligent representation, and a claim under 42 U.S.C. § 1983. Id. ¶¶ 42-74.

In its August 21, 2026 Memorandum and Order [Doc. No. 14], the court found that Plaintiff had failed to state a claim over which the court could exercise original jurisdiction under 28 U.S.C. § 1331 ("§ 1331") (federal question subject matter jurisdiction) or 28 U.S.C. § 1332 ("§ 1332") (diversity subject matter jurisdiction). The court concluded that Plaintiff's sole federal claim, brought under 42 U.S.C. § 1983, failed because the Defendants were not acting under color of state law. The court found further that there was not complete diversity of citizenship between Plaintiff and Defendants to provide jurisdiction under § 1332. The court directed Plaintiff to file an amended complaint in which he stated a claim for relief over which the court could exercise original jurisdiction under § 1331 or § 1332, and stated that failure to do so would result in dismissal of this action.

## II. Amended Complaint

In the amended complaint, Plaintiff again names Massachusetts Association of Realtors and the Northeast Association of Realtors as the sole defendants. Plaintiff claims that Defendants "are responsible for enforcing the National Association of Realtors . . . Code of Ethics and professional standards among their members." [Doc. No. 14 ¶ 7]. According to Plaintiff, Defendants' "enforcement decisions directly impact consumer protection, housing access, and

the integrity of the real estate market," and "[t]heir failures materially harmed Plaintiff and contributed to damages in related litigation." Id. ¶¶ 8-9. Plaintiff alleges that he prepared "written legal disclosures warning all parties—including brokers, buyer, and attorneys—that the foreclosure [of his home] was illegal and that any sale or purchase carried legal risks." Id. ¶ 12. Plaintiff further alleges that Northeast Association of Realtors "retained a copy of Plaintiff's legal disclosure on file, confirming knowledge of the risks and misconduct." Id. ¶ 13. Plaintiff claims that he "repeatedly updated" Defendants "that their members and their attorneys continued to ignore the legal disclosures and misrepresent facts to courts" and to Defendants' "disciplinary bodies," but that Defendants "took no action, effectively shielding their members." Id. ¶¶ 25-26. Plaintiff maintains that Defendants' "systemic failures directly harmed" him various ways, including by "enabling the unlawful sale of his home" and "perpetuating ongoing damages across multiple agencies and proceedings." Id. ¶ 35. According to Plaintiff, "Defendants' actions and omissions materially contributed to Plaintiff's damages, including loss of home." Id. ¶ 36.

Plaintiff's only claim under federal law is for a violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619, in which Plaintiff alleges that "Defendants' policies, enforcement failures, and continued employment of individuals with known misconduct constitute discriminatory housing practices under § 3604," and that "Defendants' conduct resulted in denial of housing opportunities, disparate impact, and interference with Plaintiff's ability to obtain and maintain stable housing." Id. ¶¶ 38-40. Plaintiff also brings claims under state law for negligence, negligent misrepresentation, and for violation of the Massachusetts consumer protection statute, M.G.L. ch. 93A. Id. ¶¶ 40-46.

Plaintiff invokes the court's federal question subject matter jurisdiction based on his claim under the FHA and the court's supplemental jurisdiction under 28 U.S.C. § 1367 with regard to his state law claims. Id. ¶¶ 1-2.

## III. Discussion

Plaintiff has not stated a claim arising under federal law upon which relief may be granted. Under the FHA, it is unlawful to discriminate in the provision of housing against a person on the basis of their race, color, religion, sex, familial status, national origin, or handicap. See 42 U.S.C. § 3604. Plaintiff does not allege that Defendants discriminated against him on any of these bases.

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." Badgerow v. Walters, 596 U.S. 1, 7 (2022). "If the court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action." Fed. R. Civ. P. 12(h)(3). Where Plaintiff's sole federal claim fails, there is no basis for the court to exercise supplemental jurisdiction.

## IV. Conclusion

In accordance with the foregoing, the court hereby orders DISMISSES this action for failure to state a claim under federal law and lack of subject matter jurisdiction. The dismissal is without prejudice as to the state law claims.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

Dated: October 13, 2026